OPINION OF THE COURT
Harold J. Hughes, J.
The defendants move for an order pursuant to CPLR 3120 and 3121 compelling plaintiff’s treating physician to produce for discovery and inspection copies of his medical records relating to the care and treatment of plaintiff for injuries suffered on July 29, 1979.
Plaintiff commenced this action to recover for personal injuries sustained in a fall on July 29,1979. Dr. William C. Kite, Jr., has treated plaintiff for the injuries complained of. On June 13,1983, defense counsel forwarded to Dr. Kite an authorization signed by plaintiff permitting defendants to obtain copies of the medical records of Dr. Kite’s treatment of plaintiff. Defense counsel offered to pay the cost of gathering and photocopying the material. Dr. Kite’s reply was that he had prepared 24 medical reports concerning plaintiff which would be released to defense counsel upon payment of $20 per report. Defense counsel replied by letter dated June 20, 1983, repeating the request for the production of office records and advising: “In order that there be no misunderstanding, we do not wish you to review those records and provide us with an analysis of *812 report with regard to your care and treatment of this or any other patient but, rather, only wish your secretarial staff to photocopy those records in the patient file and forward same to our office.”
The resulting motion ensued and Dr. Kite opposes the motion in his affidavit of September 19, 1983, stating:
“That your deponent’s office has received a medical authorization and request for medical reports concerning the plaintiff, harold j. sears (your deponent’s patient), which reports number twenty-four (24).
“That your deponent prepares these reports from office notes after each examination of the patient for the purpose of having same available to honor the requests of both plaintiff and defense counsel and requests from any insurance carriers.
“That your deponent has customarily charged Twenty ($20.00) Dollars for each of the reports so prepared, and your deponent has considered the same to be a reasonable request for the reports which may number one (1) or more pages.”
Dr. Kite appears to be laboring under a misapprehension as to what the defendants are requesting from him. The request is for his office records concerning his treatment of plaintiff. Defendants have not requested the doctor to prepare narrative expert reports. The fact that Dr. Kite does so as a routine practice and sells these expert reports to insurance companies and attorneys has no relevance to the motion. As Dr. Kite is no doubt aware, 8 NYCRR 29.2 (a) (3) requires physicians “to maintain a record for each patient which accurately reflects the evaluation and treatment of the patient”. Thus, Dr. Kite is charged with keeping accurate office records concerning his diagnosis and treatment of all of his patients (Matter of Schwarz v Board of Regents, 89 AD2d 711). A defendant sued in civil litigation is entitled to copies of the office records of a plaintiff’s treating physician upon the payment to the physician of a reasonable charge to cover the gathering and photocopying of the records (Reed v Cantwell, 110 Misc 2d 793). Office records are something entirely separate and apart from a report that may be prepared by a physician at the request of an attorney or insurance company. Cer *813 tainly, a charge for such a report is going to be greater than the charge for a copy of an office record, since the valuable time and effort of the physician is expended in preparing the report for the convenience of the insurance company or attorney. However, with regard to office records, there is no basis for a separate charge to cover the physician’s time since the doctor is not expending additional time in preparing such office records solely to convenience litigants but, instead, must prepare such records as a matter of course in order to comply with the rules of the Board of Regents.
The appropriate course of action here is for Dr. Kite to keep the 24 separate reports he prepared concerning plaintiff for potential use by plaintiff and defense counsel or insurance companies, and instead have one of his staff gather together the office records he has prepared and maintained concerning his evaluation and treatment of the plaintiff pursuant to 8 NYCRR 29.2 (a) (3) and photocopy those office records and forward them to defense counsel. A reasonable charge to be recovered by Dr. Kite for performing this service would be $1.50 per page.
The motion of defendants for an order directing William C. Kite, Jr., M.D., to produce for discovery and inspection at the offices of the attorneys for the defendants copies of his medical records relating to the care and treatment of the plaintiff in connection with the injuries arising from the occurrence of July 29, 1979, will be granted, without costs, and the records shall be produced within 15 days of the service upon Dr. Kite of a copy of the order to be entered hereon, with notice of entry, upon condition that defendants pay the sum of $1.50 per page for each page of the office records produced.