■ In the Matter of LORNA F. GROSS, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Appellants.—In a proceeding for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Jones, J.), dated February 7, 1985, which granted the application.

Order reversed, on the law, without costs or disbursements, and application denied.

This case arises out of alleged medical malpractice. The respondent, Lorna Florene Gross, was born on March 4, 1967, at Coney Island Hospital, with an Erbs Klumpke paralysis of the left shoulder and arm. According to the infant's mother, Claretta Bivens, "[i]t was not until mid July of 1984 that I became aware of the possibility that my daughter's condition was the result of the negligence, carelessness and medical malpractice of the physicians and other employees of the parties referred to above. Up until then, I was under the impression and belief that my daughter's condition was an Act of God and was some form of birth defect. This had been told to me by the staff at Coney Island Hospital". Apparently it was in 1984 when the mother heard an advertisement on the radio and this condition was mentioned that she became curious and consulted attorneys who ordered and reviewed the hospital record and concluded that malpractice had been committed during the birth of the infant. Thereafter, by order to show cause dated September 27, 1984, more than 17 years after the alleged malpractice, the respondent moved for permission to serve a late notice of claim.

Special Term correctly held that under General Municipal Law former § 50-e (5), as it existed in 1967 when the alleged cause of action arose, an application to serve a late notice of claim was required to be made within one year after the happening of the event upon which the claim was based, that the tolling provisions for infancy were not applicable to this one-year limitation, and that the current version of General Municipal Law § 50-e (5), which resulted from a 1976 amendment, cannot be retroactively applied to cover an incident in 1967 (see, *Grellet v City of New York*, 118 AD2d 141). That

being so, Special Term stated that the issue presented was "whether the [appellants] should be equitably estopped from asserting a defense of the then applicable Statute of Limitations, in the light of claimants [sic] allegations of fraud perpetrated by the agents, servants and/or employees of Coney Island Hospital, who misrepresented the cause of baby Lorna's paralysis, as an 'Act of God' and 'some form of birth defect' ". Special Term then went on to hold that the appellants should be equitably estopped from asserting a defense of the Statute of Limitations. We disagree.

The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances. Here, the moving papers are inadequate to support an equitable estoppel against the appellants. Said papers fail to identify the person who told Mrs. Bivens that her daughter's injuries resulted from an "Act of God" or some "form of birth defect", what connection this person had with the case, or whether this individual was even a member of the hospital's medical staff. Her statement that she was told by "the staff" is nonspecific and totally inadequate. Moreover, there is nothing upon which to predicate a finding of scienter on the hospital's part, i.e., that it deliberately intended to dissuade Mrs. Bivens from seeking legal redress. Accordingly, there is no basis for precluding the appellants from relying upon the defense that the plaintiff failed to serve a timely notice of claim (see, Luka v New York City Tr. Auth., 100 AD2d 323, 326, affd 63 NY2d 667). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.