OPINION OF THE COURT
Matthew F. Coppola, J.
In this motion to serve a late notice of claim pursuant to Education Law § 3813, the issue arises as to whether service of process on the Sheriff, which extends the Statute of Limitations by 60 days, also serves to extend the time in which to move to serve a late notice of claim.
The summons and complaint in this action were served by mailing to the Sheriff on April 27, 1990. They were received by his office on April 30, 1990. The complaint alleges that on or about April 3, 1989 the parties entered into an agreement whereby plaintiff would provide defendant with consulting services relative to asbestos removal at a certain elementary school. It is further alleged that plaintiff performed these services and has not been paid the $20,454 now due therefor.
Although the complaint provides no clue as to when the cause of action accrued, the papers submitted by defendant document that any work performed by plaintiff was completed on April 30, 1989. In fact, there is an invoice from plaintiff, marked "past due” and dated May 1, 1989, in the amount of $23,761.80. Plaintiff presents no proof that contradicts defendant’s documentation. Thus, for purposes of this motion, the court finds that the cause of action accrued on April 30, 1989. (Philson Painting Co. v Board of Educ., 133 AD2d 619.)
The motion for leave to serve a late notice of claim was served on May 7, 1990, more than one year after accrual of the cause of action. In support of the motion, plaintiff’s vice-president avers that he didn’t know of the notice of claim requirement "until he was so advised by his attorney more than 90 days after the claim arose,” that defendant had actual notice of the underlying facts, and that a defense on the merits would not be prejudiced.
In response to plaintiff’s motion, defendant cross-moved to dismiss the complaint. The thrust of the cross motion was that the complaint was served late since it was served with the order to show cause bringing on the motion, i.e., on May 7, 1990. However, it is apparent that when making the cross motion, defendant was unaware of the service on the Sheriff.
Education Law § 3813 (1) provides that no action may be *409 brought against a school district unless a notice of claim was presented to the governing body within three months after accrual of the claim. Section 3813 (2-a) allows for late filing of the claim upon court approval, but "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against any district” and the time limit for bringing such an action is one year (§ 3813 [2-b]). Thus, as long as the plaintiff moves to serve a late notice of claim within one year after accrual of the cause of action, the application is timely (see, Gordon Dana Madris Realty v Eastchester Union Free School Dist., 125 AD2d 541).
CPLR 203 (b) (5) permits a plaintiff to tack an additional 60 days to the regular period of limitations simply by serving process on the Sheriff (outside of New York City). The question then arises whether such service also adds 60 days to the time in which plaintiff may move for leave to serve a late notice of claim. In this court’s opinion, the extension provided by CPLR 203 (b) (5) applies to the limitations period of Education Law § 3813 (2-a) and gives plaintiff an additional 60 days to move for late filing of a notice of claim.
The statutory scheme creates a parallelism between the limitations period and the time for serving a late notice of claim. As long as the Statute of Limitations has not run, the court may entertain a motion to serve a late notice (see, Pierson v City of New York, 56 NY2d 950, 954). The Court of Appeals has previously found that the extension of the Statute of Limitations pursuant to CPLR 208 creates a concomitant extension of the time during which a late notice of claim may be served (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 263-264). There is no reason in law or logic to differentiate between an extension under CPLR 208 and that under CPLR 203 (b) (5) (i). It is true, as defendant argues, that a condition precedent to suit cannot be extended by operation of CPLR 203 (b) (5). However, the holdings of the Court of Appeals conclusively establish that the legislative intent was to create a limitations period rather than a condition precedent. Of course, it is the legislative intent which controls (see, generally, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C201:7, at 71).
Having held that the present application is not time barred, the court must decide whether plaintiff is entitled to file a late notice of claim. The sole explanation proffered by plaintiff is ignorance of the statutory requirement. It is noteworthy that the affidavit of plaintiff’s representative does not state when *410 he learned of the notice of claim requirement, but only that it was more than 90 days after the claim arose. However, defendant has submitted uncontroverted evidence that, in another action, plaintiff was served on November 15, 1989 with a motion to dismiss wherein the failure to file a notice of claim was raised. Thus, the latest plaintiff had actual knowledge of the statutory requirement was November 15, 1989, some six months prior to service of this application.
The court has broad discretion in determining whether to permit the filing of a late notice of claim, within the context of the statutory factors enumerated in Education Law § 3813 (2-a) (Matter of Andrews v Village of Sherburne, 140 AD2d 790; Matter of Morgan v City of Elmira, 115 AD2d 885, appeal dismissed 67 NY2d 905). Ignorance of the notice of claim requirement is not a valid excuse for noncompliance and will not support an application to serve a late notice (Figueroa v City of New York, 92 AD2d 908; Matter of Somma v City of New York, 81 AD2d 889; Lavoie v Town of Ellenburg, 78 AD2d 714) even if that ignorance was caused by the inability to understand or speak English (Torres v City of New York, 50 AD2d 826).
While mere ignorance of the requirement might allow for grant of the application under certain circumstances, considering that the court is imbued with discretion, a six-month delay after learning of the facts underlying the claim is "inexcusable.” (Matter of Andrews v Village of Sherburne, 140 AD2d 790, supra; see, Matter of Morris v County of Suffolk, 88 AD2d 956 [4Vi-month delay].) In this case, plaintiff waited six months after learning of the notice of claim requirement. Under the circumstances, its claim of ignorance is rejected. There is no excuse for the delay in bringing the motion. Under these circumstances, the court would be abusing its discretion if it granted a late notice of claim. As the Appellate Division noted with respect to the General Municipal Law notice of claim provision: "Were we to find the delay here excusable, previous little of section 50-e of the General Municipal Law would survive in this department.” (Matter of Morris v County of Suffolk, supra, at 957.)
The motion is denied. The cross motion is granted.