■ PETER G. ROBINSON, Respondent, v VILLAGE OF LANCASTER, Appellant.—Order unanimously reversed on the law without costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Special Term erred by denying defendant's cross motion to dismiss plaintiff's complaint for failure to file a timely notice of claim. Plaintiff did not serve a notice of claim within 90 days of the accident and did not move for permission to serve a late notice of claim within one year and 90 days following the accident (General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950, 954). Plaintiff argues that, because the Statute of Limitations was tolled for 60 days as a result of his delivery of the summons and complaint to the Sheriff pursuant to CPLR 203 (b) (5), his motion for leave, brought within 60 days of delivery of the summons and complaint to the Sheriff, was timely. That argument is without merit. The Court of Appeals in *Berkshire Life Ins. Co. v Fernandez* (71 NY2d 874) has explained that CPLR 203 (b) (5) is not a tolling or extension provision. It defines the point at which a claim is interposed. Consequently, delivery of a summons and complaint to the Sheriff within the Statute of Limitations interposes the claim at that time, provided that service upon defendant occurs within the 60-day period provided by the statute *(see, Berkshire Life Ins. Co. v Fernandez, supra; see also, Matter of Long Is. Citizens Campaign v County of Nassau,* 165 AD2d 52; *cf., Peach Labs. v*

*Irvington Union Free School Dist.,* 149 Misc 2d 407). CPLR 203 (b) (5) does not toll the Statute of Limitations; therefore, plaintiff's motion for leave to serve a late notice of claim, brought after the Statute of Limitations had run, was not timely. (Appeal from Order of Supreme Court, Erie County, Francis, J.—Notice of Claim.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.