■ JOSEPH R. IPPOLITO, Respondent, v CITY OF BUFFALO, Appellant. [600 NYS2d 882] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: The timely filing of a notice of claim pursuant to General Municipal Law § 50-e is a condition precedent to the commencement of a tort action against a municipality seeking to recover damages for a violation of sections 200, 240 and 241 (6) of the Labor Law *(see,* General Municipal Law § 50-i [1]; *Giblin v Nassau County Med. Ctr.,* 61 NY2d 67, 74; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 264). No notice of claim was served upon the City of Buffalo within 90 days of the date of the incident *(see,* General Municipal Law § 50-e [1] [a]) and no application for permission to file a late claim was made within the statutory period for commencement of an action *(see,* General Municipal Law § 50-e [5]). Thus, Supreme Court should have granted the City's motion to dismiss the complaint.

Ippolito's attempt to serve his notice of claim by certified mail within the 90-day period failed because the envelope was improperly addressed. The notice of claim was delivered to a proper official of the City *(see,* CPLR 311 [3]) two days after the 90-day period expired. Ippolito nevertheless contends that, because the City had possession of an accident report of the incident within the 90-day period, he substantially complied with the notice-of-claim requirement, or alternatively, that the City, by reason of its conduct after receipt of the notice of claim, should be equitably estopped from asserting the untimeliness of service of the notice of claim. Neither contention has merit.

Although receipt of an accident report is an important factor in deciding whether a person should be entitled to file a late notice of claim *(see, Matter of Cabezas v City of New York,* 184 AD2d 240; *Matter of Toro v New York City Hous. Auth.,*

182 AD2d 358), the ordinary accident report is not a notice of claim *(see, Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142). Ippolito, in opposing the City's motion to dismiss, did not submit the accident report or otherwise describe its contents. Thus, Supreme Court had no basis for ascertaining whether that report substantially complied with the requirements of General Municipal Law § 50-e (2), and Ippolito failed to sustain his burden of proving compliance with the condition precedent.

A municipality may be estopped from asserting that a claim was filed untimely when its improper conduct induces reliance by a party who changes his position to his detriment or prejudice *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). Estoppel is to be applied to municipalities only in limited circumstances; the general rule is that the doctrine of estoppel is not applicable to municipalities acting in a governmental capacity *(see, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93, n 1). There is no assertion that the City engaged in improper conduct within the 90-day period for filing a notice of claim. The City's conduct in responding to pre-action discovery demands, in being present during the examination of an employee of the Buffalo Sewer Authority, and in cooperating with other pre-action discovery efforts was not wrongful or negligent conduct sufficient to invoke the doctrine of estoppel *(see, Hochberg v City of New York,* 99 AD2d 1028, *affd* 63 NY2d 665; *Rodriguez v City of New York,* 169 AD2d 532). Likewise, the conduct of the City's Assistant Corporation Counsel in discussing the claim without informing Ippolito's attorney of the defect in the timeliness of service does not warrant the application of estoppel *(see, Rodriguez v City of New York, supra; Taverna v City of New York,* 166 AD2d 314, 315). The City had no duty to inform Ippolito of that defect *(see, Camarella v East Irondequoit Cent. School Bd.,* 41 AD2d 29, 31, *affd* 34 NY2d 139, *supra; Henderson v City of New York,* 143 AD2d 884). Lastly, there is no demonstration that the City's service of a notice of appearance and demand for complaint, its request for pleadings in related actions, or grants of extension of time for the service of a complaint were relied upon by Ippolito or that Ippolito was caused to change his position in reliance upon such conduct. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Dismiss Complaint.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.