■ RAOUL DIAMANTSTEIN, Appellant, v SAMUEL D. FRIEDMAN, Respondent. [606 NYS2d 16] —In an action to recover damages for slander, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered June 12, 1991, which, upon a jury verdict, is in favor of the defendant and against him.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted on the issue of liability with respect to statements made to Moses Neuman and Dov Hikind, and on the issue of damages, with costs to abide the event.

The plaintiff brought this action as a result of three statements made by the defendant, his business partner, to persons known to the plaintiff. All three statements, in varying fashion, accused the plaintiff of stealing money from the plaintiff's and the defendant's business. The trial court granted judgment in favor of the plaintiff as to liability with regard to the statement made to Yokov Salomon. The jury returned a verdict in favor of the defendant with regard to the statements made to Moses Neuman and Dov Hikind and awarded no damages with regard to the statement to Salomon.

Contrary to the plaintiff's contention, we find that the trial court's charge on slander per se was proper. The charge was patterned after PJI 3:24.3 (1992 Supp), and was specifically requested by the plaintiff.

However, we find that the verdict in favor of the defendant on the issue of his liability with regard to the Neuman and Hikind statements is against the weight of the credible evidence *(see,* CPLR 4404 [a]; *Nicastro v Park,* 113 AD2d 129). The statements made to Neuman and Hikind were slander per se because they unambiguously charged the plaintiff with a punishable crime *(see, Moore v Francis,* 121 NY 199; *McCart v Morris,* 58 AD2d 700). The only issue before the jury was whether the statements were, in fact, made *(see,* PJI 3:24.3 [1992 Supp]). Its implicit finding that the statements were not made to Hikind and Neuman was against the weight of the evidence. Thus, the verdict in the defendant's favor with respect to those statements must be set aside.

In light of our determination that there should be a new trial, we note that the trial court improperly relied on 22 NYCRR 202.17 when it precluded the plaintiff's treating physician from testifying at the trial. The rule in question requires that in cases where a party's physical condition is in issue, and there is a request to examine that party, the party being examined and the examining party must exchange medical reports detailing the injuries and conditions found, or their respective physicians are barred from testifying at the trial. Moreover, such examinations must be upon notice.

Here, the defendant never sought to examine the plaintiff, but merely sought to obtain a copy of a nonexistent medical report. Because the rule contemplates a *reciprocal exchange* of medical reports, where the physical or medical condition of a party is in issue, 22 NYCRR 202.17 (b) (1) is inapplicable in this case *(see, Dorato v Schilp,* 130 AD2d 348). Moreover, contrary to the defendant's contention, 22 NYCRR 202.17 (h) is likewise inapplicable, since the production of the treating physician's report is only required "as provided by this rule".

The record is bereft of any evidence of a disclosure order. The plaintiff's counsel stated at the trial that the defendant was required to request "medicals" from the plaintiff following the completion of discovery. However, there is no evidence that the defendant attempted to do this. Moreover, the plaintiff served a verified bill of particulars which identified his treating physician. Therefore, the defendant could easily have demanded that the plaintiff furnish him with written authorizations to obtain copies of the treating physician's medical records regarding the plaintiff's condition as authorized by CPLR 3101 (a). Such records would have adequately apprised the defendant of the treating physician's diagnosis and treatment of the plaintiff *(see,* 8 NYCRR 29.2 [a] [3]; *Sears v Rekuc,* 121 Misc 2d 811). Therefore, the trial court erroneously precluded the plaintiff's treating physician from testifying at the trial. The trial court's error excluding the testimony regarding evidence of the plaintiff's physical injuries prevented the plaintiff from properly bringing before the jury evidence of his damages *(see, Cotter v Mercedes-Benz Manhattan,* 108 AD2d 173).

The trial court also committed error when it failed to permit the plaintiff to introduce evidence of his prior good reputation, since his reputation was placed in issue by the denial in the defendant's answer *(see, Stafford v Morning Journal Assn.,* 142 NY 598).

In addition, the court's nominal damages charge with regard to the Salomon statement was inconsistent; thus, the issue of damages as to that statement should be determined at the new trial *(see, Spielvogel v Welborne,* 175 AD2d 830).

We have reviewed the plaintiff's remaining contentions and find them to be either unpreserved for appellate review *(see, Rupert v Sellers,* 50 NY2d 881, *cert denied* 449 US 901; *Bellefeuille v City & County Sav. Bank,* 40 NY2d 879), or without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.