■ KAREN HALL, Respondent, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant. [615 NYS2d 205] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: The court erred in denying defendant's motion to dismiss the complaint and granting plaintiff's cross motion for leave to serve a late notice of claim and an amended complaint. Although the court may grant an extension of time in which to serve a notice of claim against a public corporation, that extension may not exceed the time limited for the commencement of an action against the public corporation (General Municipal Law § 50-e [5]). The period of limitations for the commencement of an action against defendant, Niagara Frontier Transportation Authority, is one year and 30 days (Public Authorities Law § 1299-p [2]; *Niemczyk v Pawlak,* 76 AD2d 84). Plaintiff's accident occurred on March 11, 1992, and plaintiff commenced this action on March 11, 1993. On April 19, 1993, defendant moved to dismiss the complaint for failure to serve a notice of claim and failure to plead that one had been served *(see,* Public Authorities Law § 1299-p [1], [2]). By that time, the applicable period of limitations had expired. Plaintiff's cross motion in June 1993 to serve a late notice of claim was untimely.

Plaintiff argues for the first time on appeal that defendant should be estopped from seeking dismissal on the grounds argued because defendant sought and was granted an extension of time to answer the complaint or move against it. Plaintiff contends that her attorneys "relied upon [defendant's attorney's] indication that no Statute of Limitation issues were involved." There is no evidence in the record that defendant induced plaintiff to refrain from timely filing *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *General Stencils v Chiappa,* 18 NY2d 125; *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211, 213, *lv denied* 14 AD2d 509, *appeal dismissed* 11 NY2d 754). The court should have granted defendant's motion to dismiss the complaint *(see, Matter of Rieara v City of New York Dept. of Parks & Recreation,* 156 AD2d 206, 207; *cf., Debes v Monroe County Water Auth.,* 16 AD2d 381). (Appeal from Order of Supreme

Court, Erie County, Gorski, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.