■ KEVIN KUHLMAN, Individually and as Administrator of the Estate of JENNIFER KUHLMAN, Deceased, Respondent, v WESTFIELD MEMORIAL HOSPITAL, INC., et al., Appellants. [623 NYS2d 682] —Order unanimously reversed on the law without costs, motions granted and cross motion denied. Memorandum: Decedent, plaintiff's wife, gave birth by cesarean section at defendant hospital on September 28, 1986, and was readmitted on October 16, 1986 because of pain and swelling in her leg. She began receiving treatment for femoral vein thrombosis but died on October 27, 1986 of a pulmonary embolism. Plaintiff commenced this action alleging medical malpractice, negligence and wrongful death causes of action. Defendant hospital and defendant doctors both moved to dismiss the wrongful death cause of action in the amended complaint on the ground that the Statute of Limitations (EPTL 5-4.1) had run. Plaintiff cross-moved to amend the complaint further to add a cause of action for fraud.

It is undisputed that the summons with notice was served beyond the two-year Statute of Limitations period. Plaintiff opposed the motions on the ground that defendants are equitably estopped from asserting the Statute of Limitations as a defense *(see, Simcuski v Saeli,* 44 NY2d 442, 448-449; *Storey v Sum,* 151 AD2d 991, *appeal dismissed* 74 NY2d 945). Supreme Court found that there were questions of fact, denied the motions, and granted plaintiff's cross motion.

In opposition to defendants' motions, plaintiff asserted that, about two weeks after his wife's death, he took his newborn daughter to see defendant Hagen, the treating physician, who asked how plaintiff was coping and told him "that they had done everything that they could, that it was just one of those things that rarely happens but does happen". Plaintiff as-

serted that defendant Hagen said that "it was a one-in-a-million type of thing."

Plaintiff also asserted that, about one month after his wife's death, a woman he recognized as one of his wife's nurses approached him at the Portage Inn and identified herself as an employee of defendant hospital. He asserted that she told him that "she felt really badly about what had happened and that * * * it was like one of those freak things, that they had done everything they could".

Plaintiff asserted that both "misrepresentations" were made after the New York State Department of Health had commenced an investigation into the death of his wife, and that those misrepresentations deterred plaintiff from seeking legal counsel.

The record does not support the court's finding that both statements "were made after both parties knew an investigation into the death was underway by the State Department of Health." The nurse remains unidentified and thus her knowledge of the investigation cannot be ascertained, and defendant Hagen asserted that he had no knowledge of the investigation when he made the statement. The assertion of plaintiff's attorney that both the nurse and defendant Hagen had knowledge of the investigation when they made the statements is insufficient to raise a question of fact with respect to their knowledge (see, *Hill v Millard Fillmore Hosp.*, 152 AD2d 931, *lv denied* 74 NY2d 616).

We conclude that plaintiff failed to show that "defendants, through their affirmative misconduct, successfully prevented [plaintiff] from timely [asserting]" (*Storey v Sum, supra,* at 993) his wrongful death cause of action; plaintiff failed to show that defendant Hagen's statement, made about two weeks after the death, was anything other than a condolence, or that it was " 'calculated to mislead' " plaintiff (*Storey v Sum, supra,* at 992, quoting *Arbutina v Bahuleyan,* 75 AD2d 84, 86; *cf., Simcuski v Saeli,* 44 NY2d 442, *supra).* Nor can plaintiff rely on the statement of an unidentified nurse whose words were also in the nature of a condolence; "there is nothing upon which to predicate a finding of scienter on the hospital's part, i.e., that it deliberately intended to dissuade [plaintiff] from seeking legal redress" (*Matter of Gross v New York City Health & Hosps. Corp.,* 122 AD2d 793, 794). Indeed, the court found that "[i]f all we had was the statement of the nurse—her identity to this day has not been discovered—the motion against the hospital would fail." In addition, an administrator

of defendant hospital asserted without contradiction that only he could authorize someone to make such a statement on behalf of the hospital and that he never gave such authorization.

For the same reasons, the court also erred in granting plaintiff's cross motion to amend the complaint further to assert a cause of action for fraud (see, Washburn v Citibank [S. D.], 190 AD2d 1057; Daniels v Empire-Orr, Inc., 151 AD2d 370, 371; Andersen v University of Rochester, 91 AD2d 851, 852). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Statute of Limitations.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.