■ JEAN W. PEEK, Respondent, v WILLIAMSVILLE BOARD OF EDUCATION, Also Known as WILLIAMSVILLE SCHOOL BOARD, et al., Appellants. (Appeal No. 1.) [635 NYS2d 374] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme

Court erred in granting plaintiff's application to serve a late notice of claim and in denying defendants' motion for summary judgment dismissing the complaint. The complaint sets forth four causes of action alleging violations of plaintiff's statutory tenure rights, civil and constitutional rights under Federal and State law, and employment contract. In addition, the complaint alleges a cause of action for slander and defamation of character against defendant Banks, a school district employee. All of the relevant acts and transactions surrounding plaintiff's causes of action took place between June 4, 1992 and November 1992. Plaintiff commenced the action on June 14, 1993 and sought leave to file a late notice of claim on or about April 5, 1994.

General Municipal Law § 50-i (1) (c) and Education Law § 3813 (2) require actions in tort to be commenced within one year and 90 days of the accrual of the claim. Education Law § 3813 (2-b) requires all other actions to be commenced within one year of the accrual of the claim. General Municipal Law § 50-e (5) and Education Law § 3813 (2-a) permit a court to grant leave to file a late notice of claim; however, the application must be made within the time period to commence an action under the appropriate statutory provision. A court has no authority to exceed that time limit (see, Pierson v City of New York, 56 NY2d 950, 954-956; Hall v Niagara Frontier Transp. Auth., 206 AD2d 853; Omni Group Farms v County of Cayuga, 178 AD2d 977).

Viewing the factual averments set forth in the complaint in the light most favorable to plaintiff, we conclude that the application for leave to file a late notice of claim for the causes of action sounding in tort should have been made on or before February 1994 and for the contract causes of action, on or before November 1993. The failure of plaintiff to file a timely notice of claim, or to apply within the statutory period for leave to file a late notice of claim, is jurisdictional and precludes his causes of action alleging violations of his State civil and constitutional rights (see, Hogar v Thomann, 189 AD2d 1048), his causes of action alleging a violation of his employment contract and his tenure rights that seek money damages and reinstatement (see, Spedding v Bowman, 152 AD2d 971, 972) and his defamation cause of action against defendant Banks (see, Education Law § 3813 [2]).

Plaintiff's assertion that defendant school district should be estopped from asserting a Statute of Limitations' defense is without basis in law. The answer put plaintiff on notice that defendants raised that defense as well as plaintiff's failure to

comply with the General Municipal Law and the Education Law. The defense of the lawsuit by defendant school district and its failure to seek dismissal until expiration of the time in which plaintiff could appropriately seek leave to file a late notice of claim do not estop it from seeking dismissal of the complaint on those grounds *(see, Ippolito v City of Buffalo,* 195 AD2d 983, 984).

We modify the order on appeal, therefore, by dismissing the first and third causes of action insofar as they allege violations of plaintiff's statutory rights of tenure and civil and constitutional rights under State law, and by dismissing the second and fourth causes of action in their entirety. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Late Notice of Claim.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.