■ In the Matter of KRISSLER BUSINESS INSTITUTE, INC., Respondent. DENNIS KING, Appellant. [664 NYS2d 112] —In a proceeding pursuant to Business Corporation Law § 1104-a for the dissolution of the respondent corporation, the petitioner appeals from an order of the Supreme Court, Dutchess County (Wolf, R.), dated August 21, 1996, which, *inter alia,* (a) granted the respondent's motion to quash the petitioner's subpoenas duces tecum, and (b) directed the petitioner to pay $1,019.24 to the respondent, representing one-half of the cost of the reproduction by the respondent of documents the petitioner demanded be disclosed.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3120 (b), a motion for the production of documents, etc., upon a nonparty "shall be on notice to all adverse parties". In the present action, the petitioner failed to sufficiently notify the respondent, an adverse party, of its issuance of subpoenas duces tecum upon a number of nonparty witnesses. Consequently, it was proper for the Referee to quash the subpoenas.

Furthermore, the Referee, who was appointed with the power to "hear and determine", had "all the powers of a court performing a like function" (CPLR 4301). Therefore, it was not an improvident exercise of discretion for the Referee to order the petitioner to pay one-half the copying costs spent by the re-

spondent in fulfilling the petitioner's voluminous document request (*see, Watts v Peekskill Bell*, 147 AD2d 838; *Sears v Rekuc*, 121 Misc 2d 811).

The petitioner's remaining contentions are without merit. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.