■ CARMEN BORGES et al., Appellants, v JULIAN GERALD SALLIS, M.D., et al., Respondents. [737 NYS2d 284] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 14, 2000, which, inter alia, denied plaintiffs' application to serve and file a late notice of claim, unanimously affirmed, without costs.

Since plaintiff's motion was not made until more than one year and 90 days after the accrual of her cause of action, the motion court was without discretion to permit her to file a late notice of claim with respect to the alleged medical malpractice of defendant doctors, who, at the time of the purported malpractice, were employees of the New York City Health and Hospitals Corporation (*see*, General Municipal Law § 50-e [5]; § 50-i; *Pierson v City of New York*, 56 NY2d 950; *Lopez v Lincoln Hosp.*, 272 AD2d 275). Contrary to plaintiffs' contention, the doctrine of equitable estoppel, which is to be invoked sparingly and only under exceptional circumstances (*see, Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492; *Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793, 794), may not, under the circumstances presented, be utilized to preclude defendants' reliance on the notice of claim provisions. In this connection, we perceive no basis for plaintiffs' contentions that certain conduct by Jacobi Hospital staff, i.e., delay in the production of medical records and misinforming plaintiffs as to whether defendant Sallis was on staff at Jacobi Hospital, was "calculated to mislead" plaintiff or otherwise prevent her from timely asserting her malpractice cause of action (*see, Kuhlman v Westfield Mem. Hosp.*, 212 AD2d 1007). Concur—Nardelli, J.P., Tom, Andrias, Rubin and Buckley, JJ.