GWENDOLYN WILSON, Respondent, v CITY OF BUFFALO, Defendant. (Action No. 1.) VIRGINIA ANDERSON, Respondent, v CITY OF BUFFALO, Defendant. (Action No. 2.) BUFFALO SEWER AUTHORITY, Appellant. [747 NYS2d 657] —Appeal from that part of an order of Supreme Court, Erie County (Whelan, J.), entered December 13, 2001, that granted plaintiffs' motion to serve late notices of claim and an amended summons and complaint against the Buffalo Sewer Authority in each action and denied the Buffalo Sewer Authority's motion to quash the nonparty judicial subpoena duces tecum.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, plaintiffs' motion is denied and the motion of the Buffalo Sewer Authority is granted in accordance with the following Memorandum: Plaintiffs sustained injuries on February 26, 2000 when the automobile in which they were traveling struck a large hole in the surface of Cambridge Avenue in the City of Buffalo (City). After serving the City with timely notices of claim, plaintiffs were examined under oath by the City's Corporation Counsel pursuant to General Municipal Law § 50-h. Plaintiffs commenced these companion negligence actions against the City in February 2001 and the following month served the City with notices for discovery and inspection demanding the production of, inter alia, copies of "all records of complaints regarding road surface, holes, depressions and bumps on Cambridge Avenue." Corporation Counsel, who is also by statute the attorney for the Buffalo Sewer Authority (BSA) (*see* Public Authorities Law § 1177 [1]), furnished responses to plaintiffs' discovery demands in June 2001, after the expiration of the relevant statute of limitations for actions against BSA (*see* § 1193-a [4]). The documents produced included a copy of a City Public Works "cave-in sheet" that contained a February 28, 2000 notation indicating that BSA had some connection with the cave-in on Cambridge Street that caused plaintiffs' accident and injuries. Plaintiffs moved

for an order granting them each leave to serve a late notice of claim and an amended summons and complaint adding BSA as a defendant. During the pendency of that motion, plaintiffs obtained and served upon BSA a judicial subpoena duces tecum directing the production of, inter alia, its records pertaining to its sewer line and facilities in the area of Cambridge Avenue where plaintiffs' accident occurred. Supreme Court granted plaintiffs' motion and denied BSA's motion to quash the judicial subpoena duces tecum. We reverse the order insofar as appealed from.

Pursuant to Public Authorities Law § 1193-a (1), service of a notice of claim in accordance with the provisions of General Municipal Law § 50-e is a condition precedent to the commencement of, inter alia, a personal injury action against BSA. Although the notice of claim must be served within 90 days after the claim arises, courts are authorized to extend the time in which to serve a notice of claim, provided that the extension does not exceed the time limited for the commencement of an action by the claimant against the public corporation (*see* § 50-e [5]). Thus, here the court had no authority to authorize late service (*see id.*; *Pierson v City of New York*, 56 NY2d 950, 954-956) "unless it found that [BSA] 'was equitably estopped from raising the Statute of Limitations' " (*Rogozinski v Petronio*, 284 AD2d 992, 993; *see Hall v Niagara Frontier Transp. Auth.*, 206 AD2d 853). Although plaintiffs contended in support of their motion that the doctrine of equitable estoppel applies, the court in granting their motion did not directly address that contention. In any event, we conclude that the record does not support the invocation of that doctrine.

"A municipality may be estopped from asserting that a claim was filed untimely when its improper conduct induces reliance by a party who changes his position to his detriment or prejudice" (*Ippolito v City of Buffalo*, 195 AD2d 983, 984; *see Yassin v Sarabu*, 284 AD2d 531, *lv dismissed* 98 NY2d 645; *Conquest Cleaning Corp. v New York City School Constr. Auth.*, 279 AD2d 546, 546-547). Here, there is neither improper conduct by BSA nor reliance by plaintiffs. Even assuming, arguendo, that Corporation Counsel may be found to have acted on behalf of BSA in delaying the discovery response, we conclude that the delay did not constitute the breach of any duty owed by BSA, nor were plaintiffs caused to change their position in reliance on the delay. They simply failed to ascertain in a timely manner, despite employing an expert, that BSA caused or may have caused the cave-in. Thus, "the doctrine of equitable estoppel, which is to be invoked sparingly and only under exceptional

circumstances * * *, may not, under the circumstances presented, be utilized to preclude [BSA's] reliance on the notice of claim provisions" (*Borges v Sallis*, 291 AD2d 271, 271; *see Hall*, 206 AD2d at 853; *Rodriguez v City of New York*, 169 AD2d 532, 533; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492, 493).

*Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), relied upon by plaintiffs, does not compel a contrary result. In *Bender*, a case "of very limited application" (*Matter of Hamptons Hosp. & Med. Ctr.*, 52 NY2d 88, 94 n 1), the Court directed a factual hearing on the issue whether the New York City Health and Hospitals Corporation (NYCHHC) should be estopped from asserting that the expiration of the statute of limitations barred the plaintiffs' application for leave to serve a late notice of claim where the conduct of NYCHHC may have misled the plaintiffs into serving their notice of claim on the City of New York rather than on NYCHHC (*Bender*, 38 NY2d at 668-669). Here, there is no evidence that any conduct of BSA may have misled plaintiffs into serving their notices of claim on the City rather than on BSA.

Contrary to plaintiffs' further contention, the relation-back provisions of CPLR 203 did not authorize the court to grant each plaintiff leave to serve a late notice of claim and an amended summons and complaint adding BSA as a party after expiration of the statute of limitations. CPLR 203 (c) (1) provides in relevant part that an action is deemed commenced against "the defendant or a co-defendant united in interest with such defendant when: * * * the summons and complaint or summons with notice is filed." Even if we were to conclude that, pursuant to section 203 (c), the filing of the summons and complaint against the City could render the proposed action against BSA timely, we would nevertheless conclude that the court was without power to grant plaintiffs leave to serve late notices of claim. CPLR 203 "is not a tolling or extension provision. It defines the point at which a claim is interposed" (*Robinson v Village of Lancaster*, 187 AD2d 932, 932), and thus an application for leave to serve a late notice of claim made after the statute of limitations has expired remains untimely (*see Pierson*, 56 NY2d at 954-955). In any event, neither the City nor BSA is vicariously liable for the acts of the other, and thus they are not "united in interest" (203 [c]; *see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226; *Valmon v 4 M & M Corp.*, 291 AD2d 343, 344; *Moller v Taliuaga*, 255 AD2d 563, 564).

Although BSA contends for the first time on appeal that

there are certain legal deficiencies in the nonparty judicial subpoena duces tecum, we nevertheless address those contentions because they involve questions of law "appearing on the face of the record * * * [that] could not have been avoided by" plaintiffs if raised in Supreme Court (*Oram v Capone*, 206 AD2d 839, 840; *see Block v Magee*, 146 AD2d 730, 732). We conclude that BSA's motion to quash the nonparty subpoena duces tecum should have been granted. That discovery device is for use in conjunction with the deposition of a nonparty witness (*see Matthews v McDonald*, 241 AD2d 808, 809-810) and cannot be substituted for the motion on notice required by CPLR 3120 (b) in order to obtain nonparty document discovery (*see Matter of Krissler Bus. Inst.*, 244 AD2d 486; *Matter of Brussels Leasing Ltd. Partnership v Henne*, 174 Misc 2d 535, *appeal dismissed* 256 AD2d 406; *see generally DiMarco v Sparks*, 212 AD2d 965). The nonparty subpoena duces tecum issued here was also defective because there was no notice to the City (*see* 3107) and no notice of "the circumstances or reasons * * * disclosure is sought or required" (3101 [a] [4]; *see Knitwork Prods. Corp. v Helfat*, 234 AD2d 345, 346; *Rickicki v Borden Chem.*, 195 AD2d 986).

We therefore reverse the order insofar as appealed from, deny plaintiffs' motion, and grant BSA's motion without prejudice to plaintiffs, if so advised, to seek appropriate nonparty discovery from BSA. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.