■ BILLY KING, Appellant, v CITY OF NEW YORK et al., Respondents. — Order, Supreme Court, New York County (M. Evans, J.), entered on May 19, 1981, which denied plaintiff-appellant's motion for a default judgment for failure to timely serve an answer, and granted the defendant's (city) cross motion to dismiss the complaint for failure to timely serve a notice of claim, is unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of denying defendant's cross motion, the notice of claim is deemed to have been timely filed, and otherwise affirmed, without costs. On March 9, 1979, plaintiff, who was socializing with several acquaintances in a neighborhood tavern, was injured when struck in the face by a bullet fired by one of the defendant police officers, who were then engaged in the pursuit of an alleged criminal. After the shooting, one of the officers entered this bar and discovered that the plaintiff was injured. He was immediately transported by the officers to a nearby hospital. However, since he was in no immediate danger, the attending surgeon decided not to remove the bullet at that time. After three hours, plaintiff left the hospital. He was then taken to the police precinct where he was questioned by both a police captain and an Assistant District Attorney. Plaintiff was, thereafter, released. As a result of the injuries he sustained, plaintiff retained counsel, who served the notice of claim on June 8, 1979, which was admittedly one day late. Counsel asserts that the delay was due to a miscalculation of the appropriate date. In any event, on December 18, 1979, plaintiff attended a comptroller's hearing concerning the subject claim and, thereafter, plaintiff served a summons and verified complaint. It was not until September 3 when the city belatedly served its answer, in which the affirmative defense of failure to timely serve a notice of claim pursuant to section 50-e of the General Municipal Law was raised for the first time. The plaintiff rejected this answer and moved for a default judgment. The city cross-moved to dismiss the complaint based on the late service of the notice of claim and plaintiff, in reply, requested that the court deem the notice to have been timely served. Special Term denied the plaintiff's request and dismissed the complaint. We believe that such was an abuse of discretion. In determining whether to grant an extension of time within which to serve a notice of claim, courts have been instructed to consider, inter alia, "whether the public corporation or its attorney * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arises] * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense". (General Municipal Law, § 50-e, subd 5.) The Court of Appeals has stated that " 'The only legitimate purpose served by the notice' is prompt investigation and preservation of * * * the

facts and circumstances out of which claims arise". (*Matter of Beary v City of Rye,* 44 NY2d 398, 412.) Here several agents of the municipality had actual notice of plaintiff's claim within hours after its occurrence and subsequently a hearing was held where the facts surrounding this incident were once again disclosed. And a reading of the record does not indicate that the city even claims that it has suffered any prejudice by this *de minimis* late filing. In light of the above determination, there is no need for this court to reach or consider the question of waiver by the city. We do note in passing, however, that the municipality did actively participate in all preliminary stages of this action, and it was not until some 15 months after receipt of the notice of claim that the city first raised the affirmative defense of untimeliness. Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.