■ BILLY KING v CITY OF NEW YORK et al. — Motion, insofar as it seeks leave to appeal to the Court of Appeals, denied, and insofar as it seeks reargument, granted and, upon reargument, the memorandum decision filed with the order of this court entered on June 29, 1982 (88 AD2d 891) is recalled and vacated and the following memorandum substituted therefor: Motion for reargument

granted and upon reargument the memorandum decision filed with this court's order is recalled and vacated and a new memorandum decision accompanying the aforesaid order is substituted in its place. The defendant, City of New York, in support of its motion for reargument, urges that the recent Court of Appeals decision in *Pierson v City of New York* (56 NY2d 950) is controlling. We do not agree. On March 9, 1979, plaintiff who was socializing with several acquaintances in a neighborhood tavern, was injured when struck in the face by a bullet fired by one of the defendant police officers, who were then engaged in the pursuit of an alleged criminal. After the shooting, one of the officers entered this bar and discovered that the plaintiff was injured. He was immediately transported by the officers to a nearby hospital. However, since he was in no immediate danger, the attending surgeon decided not to remove the bullet at that time. After three hours, plaintiff left the hospital. He was then taken to the police precinct where he was questioned by both a police captain and an Assistant District Attorney. Plaintiff was, thereafter, released. As a result of the injuries he sustained, plaintiff retained counsel, who served the notice of claim on June 8, 1979, which was admittedly one day late. Counsel asserts that the delay was due to a miscalculation of the appropriate date. In any event, on December 18, 1979, plaintiff attended a comptroller's hearing concerning the subject claim and, thereafter, plaintiff served a summons and verified complaint. It was not until September 3 when the city belatedly served its answer, that the affirmative defense of failure to timely serve a notice of claim pursuant to section 50-e of the General Municipal Law was raised for the first time. The plaintiff rejected this answer and moved for a default judgment. The city cross-moved to dismiss the complaint based on the late service of the notice of claim and plaintiff, in reply, requested that the court deem the notice to have been timely served. Special Term denied the plaintiff's request and dismissed the complaint. We believe that such was an abuse of discretion. In determining whether to grant an extension of time within which to serve a notice of claim, courts have been instructed to consider, *inter alia,* "whether the public corporation or its attorneys * * * acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arises] * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense". (General Municipal Law, § 50-e, subd 5.) The Court of Appeals has stated that " 'The only legitimate purpose served by the notice' is prompt investigation and preservation of evidence of the facts and circumstances out of which claims arise". (*Matter of Beary v City of Rye,* 44 NY2d 398, 412.) Here several agents of the municipality had actual notice of plaintiff's claim within hours after its occurrence and subsequently a hearing was held where the facts surrounding this incident were once again disclosed. And a reading of the record does not indicate that the city even claims that it has suffered any prejudice by this *de minimis* late filing. In *Pierson* (*supra,* p 954), the Court of Appeals determined that an application for an extension of time to file a notice of claim cannot be made "more than one year and 90 days after the cause of action accrued, unless the statute has been tolled". Although the plaintiff in the instant matter failed to make such an application, the actions of the city prior to moving to dismiss the complaint amount to a waiver of the right to assert the defense of the untimely service of the notice of claim. On the night of this incident at least two agents of the city knew the details of the accident. In addition, the service of the notice was a mere one day late and the city some nine months after the injury fully participated in a comptroller's hearing. At this hearing they knew, or should have known, that the notice was untimely. To actively participate in these preliminary proceedings, and to wait some 15 months after service to

assert this defense, is certainly tantamount to a surrender of this right. Under these circumstances to permit the city to allege late service would perpetrate an injustice. *Pierson* (*supra*) provides the city with a shield, not a sword. Concur — Ross, J. P., Carro, Markewich and Fein, JJ.