■ GREGORY WASHINGTON, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on January 7, 1987, affirmed, without costs and without disbursements. Concur—Sandler, J. P., Sullivan and Carro, JJ.

Milonas and Smith, JJ., dissent in a memorandum by Smith, J., as follows: I would reverse and remand for a hearing to determine whether actual notice was received by the city. Plaintiff was allegedly injured on or about May 21, 1985 when a building owned by the city collapsed. At the time, work was allegedly being done on the premises by Cross Bay Demolition Company pursuant to a contract with the city.

In his motion to file a late notice of claim, a motion made in August 1986, plaintiff alleges that the city had actual notice of the facts constituting the claim because of (1) the presence of city inspectors on the jobsite and (2) the existence of an accident report.

In determining whether to permit a late notice of claim, a court must consider the issue of whether the city acquired actual knowledge of the facts constituting the claim within the statutory period (General Municipal Law § 50-e [5]; *Matter of Gerzel v City of New York,* 117 AD2d 549 [1st Dept 1986]; *King v City of New York,* 88 AD2d 891 [1st Dept 1982]). Despite this requirement and plaintiff's contention that the city acquired actual notice at or about the time of the accident, the motion court failed to consider this issue.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD CATTEN, Defendant-Appellant.—Upon remittitur from the Court of Appeals, judgment, Supreme Court, Bronx County (John Reilly, J.), rendered on December 21, 1982, unanimously affirmed. No opinion. Concur—Murphy, P. J., Carro, Milonas, Rosenberger and Ellerin, JJ.