(February 10, 1994)

■ GEANINA CABREAJA, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [607 NYS2d 633] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about March 31, 1993, which denied defendants' motion to dismiss the complaint for failure to serve a timely notice of claim, unanimously reversed, on

the law, without costs, and the motion is granted. Appeal from order, same court and Justice, entered on or about May 11, 1993, which denied defendants' motion for reargument and renewal, dismissed as academic.

In this action against the New York City Health and Hospitals Corporation and two of its hospitals (hereafter collectively "HHC") alleging obstetrical mismanagement of the delivery of the infant plaintiff in 1978 and improper postnatal care through 1981, a late notice of claim was filed in March 1985, and a summons and complaint were served in June 1985, prior to a statutory hearing that had been scheduled for October 1985. In July 1985 HHC moved for dismissal of the complaint, raising *only* plaintiffs' failure to comply with General Municipal Law § 50-h, which requires that plaintiffs appear for a statutory hearing prior to commencement of a lawsuit. Although Justice Wright erroneously stated in the first sentence of his March 7, 1986 decision on the motion that HHC was moving to dismiss the complaint pursuant to General Municipal Law § 50-e as well as section 50-h, the decision quickly clarified, on the same page, that HHC was relying only on section 50-h, and the decision of over five pages discussed only the parties' rights and obligations under section 50-h. Justice Wright denied HHC's motion to dismiss plaintiffs' complaint for failure to comply with HHC's demand for a hearing pursuant to section 50-h.

On April 16, 1986, HHC served plaintiffs with a verified answer raising, for the first time, an affirmative defense that plaintiffs had failed to serve a timely notice of claim pursuant to General Municipal Law § 50-e. Since the injured plaintiff was an infant, plaintiffs still had over two years before the Statute of Limitations would expire to move for permission to file a late notice of claim, but did not do so. Nor did plaintiffs move to strike the section 50-e affirmative defense in order to test its merits.

In February 1993, when it was too late for plaintiffs to obtain leave to file a late notice of claim, HHC moved to dismiss the complaint for failure to file a timely notice of claim as required by General Municipal Law § 50-e. In opposition, plaintiffs conceded that in 1985 HHC had not moved for dismissal on the ground of an untimely notice of claim, but rather had relied on plaintiffs' commencement of their action before a section 50-h hearing was held. Nevertheless, plaintiffs urged, HHC had "affirmatively conveyed that [HHC] did not challenge and would not challenge the untimeliness of the

notice of claim." This argument was premised on the circumstance that HHC did not move to dismiss on section 50-e grounds despite the obvious lateness of the filed notice of claim, and HHC's argument in the 1985 motion that the action be dismissed "without prejudice to plaintiff's right to re-commence suit after fulfilling the statutory requirements." Plaintiffs also urged a law of the case argument based upon Justice Wright's March 7, 1986 decision denying HHC's previous motion to dismiss. Justice Freedman denied the motion, reasoning as follows:

"Although Judge Wright's opinion does not specifically discuss the lateness of the notice of claim, it acknowledges that plaintiff filed it on March 19, 1985, and makes reference to § 50-e. The decision may be construed as ratifying the late filing by not dismissing the action on that ground. This is logical, inasmuch as leave to file late notices of claim is routinely granted where an infant is involved. * * *

"No motion to reargue, reconsider or dismiss based on 50-e was made after issuance of Judge Wright's decision, and no appeal was taken. Although the answer, interposed one month later, contains affirmative defenses based on §§ 50-e and 50-h, they had already been ruled upon. At best, the March 1986 decision is law of the case and not subject to review by this Court some seven years later. At the very least, the failure to confront the § 50-e question directly at the appropriate time constitutes a waiver."

Although upon our initial consideration of this appeal we concurred with Justice Freedman's rationale and result, upon reargument and reexamination of the record we find that Justice Wright did not address General Municipal Law § 50-e in his March 7, 1986 decision, that HHC clearly had not raised the issue on its 1985 motion to dismiss, and that HHC was not estopped from asserting its rights under section 50-e through any statement contained in its 1985 motion or by its conduct thereafter.

There was no evidence of HHC's "wrongfully or negligently * * * induc[ing] reliance" by plaintiffs to their detriment, as required for an estoppel by *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, 668), and this Court's reference in its unpublished October 19, 1993 memorandum to "defendants' tactics of advancing an issue and then appearing to drop it" was, it now appears, without adequate foundation in the record. HHC was under no duty to advise plaintiffs of their untimely notice of claim, and was under no duty to move to dismiss the complaint on section 50-e grounds at an earlier

date. On facts substantially similar to those in this case we have held that there was no waiver or estoppel, and that HHC did not even have to plead untimeliness of the notice of claim as an affirmative defense *(Reaves v City of New York,* 177 AD2d 437; *Rodriguez v City of New York,* 169 AD2d 532; *Taverna v City of New York,* 166 AD2d 314). Here, it was pleaded by HHC, the plaintiffs had clear notice of the defense, but no responsive action was undertaken at a time when the defect could have been corrected. Accordingly, HHC's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e should have been granted.

Motion denied as moot wherein leave to appeal to the Court of Appeals is sought, and granted wherein reargument is sought, and, upon reargument, the unpublished decision and order of this Court entered on October 19, 1993 is recalled and vacated. Concur—Murphy, P. J., Carro, Ross and Asch, JJ.