■ In the Matter of UNITED WATER NEW ROCHELLE, INC., Appellant, v ZONING BOARD OF APPEALS OF TOWN OF EASTCHES-

TER, Respondents. [679 NYS2d 627] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Eastchester dated April 23, 1996, which denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 19, 1997, which confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the determination is annulled, and the petitioner's application for a use variance is granted.

In a CPLR article 78 proceeding to review a determination of a zoning board of appeals, judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Smith v Board of Appeals,* 202 AD2d 674). To annul an administrative determination made after a hearing, the court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140). Even where a utility is involved, the courts function under the same limited standard of review (*see, Matter of Long Is. Light. Co. v City of Long Beach,* 280 App Div 823, *affd* 305 NY 880).

To be granted a use variance, a utility such as the petitioner United Water New Rochelle is required to show that the proposed use is a public necessity in that it is required to render safe and adequate service, and that there are compelling reasons, economic or otherwise, for the variance (*see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 611). However, where the intrusion or burden on the community is minimal, the showing required by the utility should be correspondingly reduced (*see, Matter of Consolidated Edison Co. v Hoffman, supra,* at 611; *cf., Matter of Long Is. Light. Co. v Griffin,* 272 App Div 551, *affd* 297 NY 897; *Matter of Long Is. Light. Co. v City of Long Beach,* 280 App Div 823, *supra*).

In accordance with the test set forth in *Matter of Consolidated Edison Co. v Hoffman (supra),* we find that the petitioner has established that the proposed facility is necessary to provide safe and adequate service to its customers and that there are compelling economic reasons for the variance. Furthermore, the record supports the conclusion that the impact on the community would be minimal. The determination of the Zoning Board of Appeals of the Town of Eastchester to the contrary was arbitrary and not supported by substantial

evidence. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.