■ Conquest Cleaning Corp., Respondent, v New York City School Construction Authority, Appellant. [719 NYS2d 689] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Beldock, J.H.O.), dated May 20, 1999, which, upon a decision of the same court dated March 31, 1999, made after a hearing, estopped the defendant from asserting that the plaintiff failed to timely file a notice of claim.

Ordered that the notice of appeal from the order dated March 31, 1999, is deemed to be an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Generally, the doctrine of estoppel is not applicable to municipalities acting in a governmental capacity (*see, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 93, n 1). However, a municipality may be estopped from asserting that

a claim was untimely filed when its improper conduct induced reliance by a party who changed his or her position to his or her detriment or prejudice (*see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). Here, in the three-month period during which the notice of claim should have been filed, the defendant's project manager provided Jorge Martinez, the plaintiff's president, with payment forms, advised Martinez on how to complete the forms, advised Martinez that the defendant had approved the submitted payment forms, made various requests for copies of additional documentation, and assured Martinez that the payment request had been sent to the defendant. The defendant did not inform Martinez that the payment request had been or would be rejected. Rather, Bernard Orlan, the defendant's manager of industrial hygiene, set up a payment meeting with Martinez, directed Martinez to bring additional copies of the payment request documentation, and told Martinez that his payment request would be considered fairly.

Under these circumstances, the hearing court properly concluded that the conduct of the defendant lulled the plaintiff into sleeping on its rights to its detriment and therefore applied the doctrine of estoppel (*see, Boeckmann & Assocs. v Board of Educ.,* 207 AD2d 773; *Welsh v Gindele & Johnson,* 50 AD2d 971; *see also, Town of Smithtown v Jet Paper Stock Corp.,* 179 AD2d 634). Ritter, J. P., S. Miller, Friedmann and Florio, JJ., concur.