■ RICHARD ROGOZINSKI, Respondent, v THOMAS L. PETRONIO et al., Defendants and COUNTY OF ONEIDA, Appellant. (Ap-

peal No. 1.) [726 NYS2d 886] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting plaintiff's motion seeking leave to serve a late notice of claim against the County of Oneida (County). Because plaintiff's motion was filed after expiration of "the time limited for the commencement of an action * * * against [a] public corporation." (General Municipal Law § 50-e [5]), the court lacked jurisdiction to grant the motion unless it found that the County "[was] equitably estopped from raising the Statute of Limitations" (*Di Geloromo v Metropolitan Suburban Bus Auth.*, 116 AD2d 691; *see generally, Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668). "[A] municipality may be estopped from asserting that a claim was untimely filed when its improper conduct induced reliance by a party who changed his or her position to his or her detriment or prejudice" (*Conquest Cleaning Corp. v New York City School Constr. Auth.*, 279 AD2d 546, 546-547). Here, plaintiff failed to meet his burden of establishing estoppel (*see, Park Assocs. v Crescent Park Assocs.*, 159 AD2d 460, 461) because he failed to establish that he relied on the action or inaction of the County. We therefore reverse the order and deny plaintiff's motion. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Notice of Claim.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.