■ In the Matter of ALBERT MASCOLO, Appellant, v MARTHA HIRST, Respondent. [757 NYS2d 278] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered May 23, 2002, which denied and dismissed as time-barred the petition brought pursuant to CPLR article 78 to annul respondent's determination terminating petitioner's employment with respondent, unanimously affirmed, without costs.

Although respondent's determination terminating petitioner from its employ became final and binding upon petitioner on June 6, 2001 when petitioner was notified that he had been dismissed, petitioner did not commence this proceeding pursuant to CPLR article 78 to annul the agency determination until January 2002, subsequent to the expiration of the applicable four-month limitation period. Accordingly, the petition was properly dismissed as time-barred (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974 [1983]). Petitioner's filing of an internal grievance did not toll the running of the statutory period (*see id.; Matter of Jones v McGuire*, 92 AD2d 788, 789 [1983]). There is no indication that respondent wrongfully or negligently induced petitioner to delay the commencement of an article 78 proceeding pending the outcome of the internal

grievance, which petitioner evidently mistook, through no fault of respondent's, for an administrative appeal (*see Cabreaja v New York City Health & Hosps. Corp.*, 201 AD2d 319, 321 [1994]). Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.