In an action for a judgment declaring that the site plan application of United Water New Rochelle, Inc., dated March 7, 1994, was deemed approved by operation of the Zoning Law of the Town of Eastchester, and a related proceeding pursuant to CPLR article 78 to review a determination of the appellant Planning Board of the Town of Eastchester dated May 30, 2001, rescinding a negative declaration it issued on November 20, 1995, the appeals are from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), dated December 2, 2002, entered in the action, which granted the motion of United Water New Rochelle, Inc., for summary judgment, denied the appellants’ cross motion for summary judgment, and declared that the site plan application of United Water New Rochelle, Inc., dated March 7, 1994, was approved by operation of the Zoning Law of the Town of Eastchester, and (2) a judgment of the same court also dated December 2, 2002, entered in the proceeding, which granted the petition and annulled the determination of the Planning Board of the Town of Eastchester dated May 30, 2001, rescinding the negative declaration it issued on November 20, 1995.
*628 Ordered that the order and judgment and the judgment are affirmed, with one bill of costs.
The Supreme Court properly determined that the site plan application of United Water New Rochelle, Inc., dated March 7, 1994, was deemed approved by operation of the Zoning Law of the Town of Eastchester since the Planning Board of the Town of Eastchester (hereinafter the Board) failed to render a determination on the application within the time prescribed by the Zoning Law of the Town of Eastchester (see Zoning Law of Town of Eastchester § 11 [G] [3], formerly § 10 [H] [3]; Matter of Twin Lakes Farms Assoc. v Town Clerk of Town of Bedford, 215 AD2d 667 [1995]; Matter of Biondi v Rocco, 173 AD2d 700, 702 [1991]; cf. Matter of King v Chmielewski, 76 NY2d 182, 187-188 [1990]; Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 369 [1983], affd on op below 62 NY2d 965 [1984]).
Since the application was deemed approved as a matter of law, the Board’s determination dated May 30, 2001, rescinding the negative declaration it issued on November 20, 1995, was improper (see 6 NYCRR 617.7 [f] [1]). Accordingly, the Supreme Court properly granted the petition and annulled the determination.
The appellants’ remaining contentions are without merit. McGinity, J.P., H. Miller, Crane and Cozier, JJ., concur.