OPINION OF THE COURT
Paul A. Victor, J.
Relief Sought
Plaintiff moves to strike the answer of defendant City of New York, or for other discovery sanctions, based on the defendant’s failure to produce a witness for deposition.
Facts and Procedural History
The infant plaintiff was allegedly injured in a slip and fall accident at CS 66 located in Bronx County on January 29, 2004. The City previously moved to dismiss this action pursuant to CPLR 3211 on the ground that the Board of Education, and not the City of New York, is the entity liable for the accident. Because the accident occurred following the enactment of chapter 91 of the Laws of 2002, which shifted control of the schools to the New York City Department of Education, this court denied the City’s motion. (See Ocasio v City of New York, NYLJ, Nov. 1, 2005, at 18, col 3 [Sup Ct, Bronx County, Victor, J.].)
The City has appealed the denial of its motion to dismiss. As a result of its determination to appeal the prior order, it has not provided discovery in this action. In particular, the City has refused to produce its witness for deposition, despite a prior motion by plaintiff to compel, which resulted in a so-ordered stipulation dated October 20, 2005, which provided that the City would produce its witness on or before December 14, 2005. The City argues that its appeal of the prior order *163 denying its motion to dismiss automatically stays discovery in this action.
Discussion and Conclusion
CPLR 5519[1] provides for a so-called “automatic” stay when the entity appealing the order or judgment is the State, or any political subdivision of the State, such as the City of New York.
It has been held by the Appellate Division in all departments other than the First Department that an automatic stay is not available when the order on appeal simply denies a motion to dismiss, but does not direct any affirmative action. For example, it has been held that an appeal from an order denying summary judgment does not result in a stay, but that an appeal from an order denying summary judgment and directing trial on a date certain would be automatically stayed. The differing result turns on whether the order or judgment contains an affirmative direction to perform an act.
“It also should be clear from the foregoing that the scope of the automatic stay of CPLR 5519 (a) is restricted to the executory directions of the judgment or order appealed from which command a person to do an act, and that the stay does not extend to matters which are not commanded but which are the sequelae of granting or denying relief. Thus, where an order merely denies a motion for summary judgment or to strike the case from the calendar, an appeal from that order will not stay a trial which is a consequence of the order but is not directed by it.” (Matter of Pokoik v Department of Health Servs. of County of Suffolk, 220 AD2d 13, 15 [2d Dept 1996]; see also, Baker v Board of Educ. of W. Irondequoit School Dist., 152 AD2d 1014 [4th Dept 1989] [school district’s fil *164 ing of notice of appeal from order denying motion for summary judgment did not effect automatic stay of trial].)[2]
In Matter of Pickerell v Town of Huntington (219 AD2d 24, 25 [2d Dept 1996]), the Court held,
“The portion of the order which granted the branch of the claimants’ cross motion which was to set the matter down for an immediate trial on the issue of damages and which directed that the matter proceed to trial on a specified future date did, however, constitute an executory directive subject to the automatic stay provisions of CPLR 5519 (a) (1).”
Compare Shorten v City of White Plains (216 AD2d 344 [2d Dept 1995]), in which the order appealed from merely denied a motion by the defendant City for summary judgment and did not contain a directive that the case proceed to trial.
It has been suggested that the First Department holds a different view, and that the First Department holds that an automatic stay results from an appeal of an order denying a motion, even if a trial or discovery is not affirmatively ordered, and only results indirectly as a result of the denial of the motion. For example, the preeminent commentator on the CPLR, David Siegel, states in his 1996 Supplementary Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C5519:2, 2006 Pocket Part, at 120) that “[t]he First Department goes the other way on the issue of staying the trial. See, e.g., Cabreaja v N.Y.C. Health and Hospitals Corp., noted [sic] M-3065 and M-3169, June 10, 1993 (order disposing of motion affecting stay), cited in the lead note in Issue 20 of Siegel’s Practice Review.” A reading of the reported decision, however, reveals that there is not even a mention of the issue of stays on appeals (see, Cabreaja v New York City Health & Hosps. Corp., 201 AD2d 319 [1st Dept 1994] [reversing and vacating order denying motion to dismiss in case where appeal from order stayed the *165 trial]). The opinion of Professor Siegel is evidently based on an otherwise unreported decision on a motion.
As further support for the proposition that the First Department follows a rule different from the rest of the state, the City cites Sonat Transp. v New York City Health & Hosps. Corp. (1990 NY App Div LEXIS 5938 [1st Dept 1990]). That unofficially reported decision simply states, “Motion granted to extent of confirming stay in effect, on condition that appeal be perfected for October 1990 Term, all as indicated.” (Id. at *1.) It is not clear if the First Department in that case is confirming the existence of an automatic stay, or whether they intended to grant a stay, and in any event, no facts are reported.
This court respectfully declines to postulate that the First Department differs from the other departments, based on the slim authority cited above. This court is bound to follow the unanimous holdings of the other departments of the Appellate Division unless a different rule obtains in this department. (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].) The law of this department, if it is contrary to the published decisions of every other department, should be clearly articulated. Certainly the meager precedent cited by the City is hardly persuasive, when the First Department must have been presented with thousands of appeals in which it might have articulated that it declined to follow the principles articulated by every other department.
The court therefore finds that no stay is in effect. Defendant City is free to seek such a stay from the First Department, at which other similar appeals involving the same issue of law (i.e., the proper defendant in school negligence actions) are evidently pending.
Although no stay is pending and the City therefore has no legal basis to contest that it must provide discovery in this case, the court finds that the issue of a stay was not free from doubt, and that the City’s failure to submit its employee to an examination before trial was not wilful and contumacious. (Nussbaum v D’Amico, 29 AD3d 449 [1st Dept 2006].)
The motion is granted only to the extent of directing the City to submit its witness for a deposition within 45 days following service of a copy of this order with notice of entry thereon.

. CPLR 5519, entitled “Stay of enforcement,” provides as is here relevant:
“(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
“1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state . . . .”

. As explained in one treatise, “The stay provided for is not a stay of all proceedings in the action, but only of proceedings to enforce the order or judgment appealed from. Thus, the filing of a notice of appeal from an order denying a motion for summary judgment does not effect an automatic stay of the trial, and an appeal of an order denying a motion to dismiss the complaint does not operate as an automatic stay of the proceedings so as to compel the plaintiff to seek vacatur of the stay in order to compel the defendant to answer, or so as to preclude a default judgment in the plaintiffs favor based on the defendant’s failure to serve an answer within the required time following service of an order determining the defendant’s motion to dismiss.” (4 NY Jur 2d, Appellate Review § 440.)