■ JOHN POLSKY, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [829 NYS2d 102]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 14, 2005, which, in an action for personal injuries sustained in a subway station, granted the motion of defendant Metropolitan Transportation Authority (MTA) for summary judgment dismissing the complaint, and denied plaintiff's cross motion to amend his notice of claim and summons and complaint nunc pro tunc so as to name the New York City Transit Authority (TA) in lieu of MTA, unanimously affirmed, without costs.

MTA's motion for summary judgment, which was made shortly after plaintiff filed a note of issue and long after the one-year-and-90-day statute of limitations had expired, asserted, as did MTA's answer served 2¹/₂ months before the statute of limitations had expired, that the subway station is owned and operated by nonparty TA. Plaintiff's cross motion to amend, which does not appear to have been served on TA, asserted that TA was not prejudiced by the naming of MTA on the notice of claim and summons and complaint, and, moreover, that he was misled to believe that MTA and TA are interchangeable entities. While TA's handling of the claim and defense of the action show that it was at all relevant times aware of the claim and action, whether the proposed amendment should be granted depends not on whether TA has been prejudiced by plaintiff's delay in seeking that relief, but on whether TA and MTA wrongfully or negligently caused plaintiff to believe that the naming of MTA was of no consequence, and thereby induced him to forgo making a timely application for leave to serve a notice of claim on TA. Clear precedent in a virtually identical situation holds that TA's handling of the claim, together with MTA's answer denying ownership and control of the subway station, should have alerted plaintiff that he had sued the wrong party, that an estoppel therefore does not lie, and that the complaint should be dismissed (*Nowinski v City of New York*, 189 AD2d 674 [1993]; *see also e.g. Luka v New York City Tr. Auth.*, 100 AD2d 323 [1984], *affd* 63 NY2d 667 [1984]; *Cane v City of New York*, 209 AD2d 217 [1994]). Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.