■ Lori Jo Konner, Appellant, v New York City Transit Authority, Respondent, et al., Defendant. [39 NYS3d 475]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated March 14, 2014, which granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is denied.

On January 1, 2012, the plaintiff allegedly sustained injuries when the doors of a subway train closed on her hand at the Coney Island station on the "F" line in Brooklyn. Within 90 days of the accident, the plaintiff's attorney served a notice of claim together with a cover letter addressed to "Mr. Joseph J. Lhota, Chairman and Executive Office, [Metropolitan Transportation Authority]" at 347 Madison Avenue, New York, NY, 10017-3739. The notice of claim stated the nature of the claim and the time when, the place where, and the manner in which the claim arose. The notice of claim and cover letter were sent via certified mail on March 15, 2012, and there is no dispute that Lhota and/or the Metropolitan Transportation Authority (hereinafter the MTA) received the documents.

Approximately a month after the notice of claim was served, the plaintiff's attorney received a letter dated April 12, 2012, in reference to the claim, with a "TA" claim number, stating: "By virtue of the power conferred on the *New York City Transit Authority* by [Public Authorities Law § 1200 *et seq.*, as amended], the claimant is hereby required to appear and be sworn at the Office of the Authority, Room 11127, 130 Livingston Street, Brooklyn[,] New York on May 25, 2012 at 9:30 AM and testify as to all facts relative to the above claim presented by [the claimaint] to the Authority" (emphasis added). This correspondence bore no letterhead, and did not indicate whether it was from the MTA or the New York City Transit Authority (hereinafter the NYCTA). Although this letter directed the plaintiff to appear at the "office of the Authority," it did not state which "Authority"—the MTA or the NYCTA.

The plaintiff's General Municipal Law § 50-h hearing was

subsequently conducted on June 11, 2012, at 130 Livingston Street, Brooklyn, before an NYCTA examiner. During the hearing, the examiner requested authorizations for "the Transit Authority," and directed a physical exam as deemed necessary by "the Transit." Thereafter, on September 12, 2012, the NYCTA forwarded the transcript of the General Municipal Law § 50-h hearing to the plaintiff's attorney. The letterhead on the cover letter contained an MTA logo along with the words "New York City Transit."

Since the claim was not adjusted or settled, the plaintiff timely filed and served a summons and complaint naming the NYCTA and Robin Roe, a gender neutral fictitious name, as defendants. The complaint alleged that a timely notice of claim was served upon the NYCTA and that a General Municipal Law § 50-h hearing was conducted. The complaint set forth a cause of action sounding in negligence, consistent with the notice of claim. In its answer, the NYCTA generally denied the allegations in the complaint, without specific reference to the notice of claim.

The NYCTA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff failed to serve it with a notice of claim as required by General Municipal Law § 50-e and Public Authorities Law § 1212. In opposition, the plaintiff argued that the NYCTA should be equitably estopped from seeking dismissal of the complaint based on her alleged failure to properly serve the NYCTA with the notice of claim because its handling of her claim misled her into believing that her notice of claim had been accepted by the NYCTA, and that it was unnecessary to seek leave to serve a late notice of claim upon that entity. The Supreme Court granted the NYCTA's motion, concluding that the plaintiff failed to serve the notice of claim upon the NYCTA pursuant to General Municipal Law § 50-e.

As a general matter, "[t]imely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the [NYCTA]" (*Hunte v New York City Tr. Auth.*, 119 AD3d 735, 735-736 [2014]; *see* General Municipal Law § 50-e [1] [a]; Public Authorities Law § 1212 [2]; *Matter of Ryan v New York City Tr. Auth.*, 110 AD3d 902 [2013]), and service of the notice of claim must be made within 90 days after the claim arises, unless the court grants an application to extend that time period (*see* General Municipal Law § 50-e [1] [a]; [5]; *see generally Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d 870, 872 [2015]). An application to extend the time to serve a notice of claim may not be made

after the expiration of the one-year-and-90-day statute of limitations, unless the statute of limitations has been tolled (*see* General Municipal Law § 50-e [5]; Public Authorities Law § 1212 [2]; *Pierson v City of New York*, 56 NY2d 950, 954-956 [1982]; *Attallah v Nassau Univ. Med. Ctr.*, 131 AD3d 609 [2015]).

Although the MTA and NYCTA share an affiliation, they are separate entities (*see Mayayev v Metropolitan Transp. Auth. Bus*, 74 AD3d 910, 911 [2010]; *Matter of New York Pub. Interest Research Group Straphangers Campaign v Metropolitan Transp. Auth.*, 309 AD2d 127, 134 [2003]; *compare* Public Authorities Law § 1262 *with* Public Authorities Law § 1202 [1]). Thus, service of a notice of claim upon the MTA does not satisfy the condition precedent of serving a notice of claim upon the NYCTA (*see Polsky v Metropolitan Transp. Auth.*, 37 AD3d 243 [2007]). However, a municipal corporation may be equitably estopped from asserting lack of notice of claim when it has wrongfully or negligently engaged in conduct that misled or discouraged a party from serving a timely notice of claim or making a timely application for leave to serve a late notice of claim, and when that conduct was justifiably relied upon by that party (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Mohl v Town of Riverhead*, 62 AD3d 969, 970 [2009]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]). "By applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that statutes like section 50-e of the General Municipal Law, do not become 'a trap to catch the unwary or the ignorant' " (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d at 668, quoting *Sweeney v City of New York*, 225 NY 271, 273 [1919]; *see Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 776 [1994]; *Albano v Long Is. R.R. Co.*, 122 AD2d 923, 924 [1986]).

Here, the NYCTA made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to serve it with a notice of claim. However, in opposition, the plaintiff submitted evidence demonstrating that the NYCTA should be equitably estopped from asserting her failure to serve a notice of claim as a defense. We are mindful that the doctrine of equitable estoppel should be invoked against governmental entities sparingly and only under exceptional circumstances (*see Feliciano v New York City Hous. Auth.*, 123 AD3d 876, 877 [2014]; *Khela v City of New York*, 91 AD3d 912, 914 [2012]; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492, 493 [1990]; *Luka v New York City Tr.*

*Auth.*, 100 AD2d 323, 325 [1984], *affd* 63 NY2d 667 [1984]). Nevertheless, under all of the circumstances of this case, the plaintiff's submissions demonstrated that the NYCTA wrongfully or negligently engaged in conduct that misled the plaintiff to justifiably believe that service of the notice of claim upon the MTA was of no consequence, and lulled her into sleeping on her rights to her detriment (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d at 668-669; *Conquest Cleaning Corp. v New York City School Constr. Auth.*, 279 AD2d 546, 547 [2001]; *Bethel v New York City Tr. Auth.*, 215 AD2d 206 [1995]; *Fryczynski v Niagara Frontier Transp. Auth.*, 116 AD2d 979, 979-980 [1986]; *cf. Nowinski v City of New York*, 189 AD2d 674, 675 [1993]; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d at 493-494). Accordingly, the NYCTA is equitably estopped from asserting the plaintiff's failure to serve a notice of claim as a defense (*see Bethel v New York City Tr. Auth.*, 215 AD2d at 206; *Fryczynski v Niagara Frontier Transp. Auth.*, 116 AD2d at 979; *see also Matter of Hartsdale Fire Dist. v Eastland Constr., Inc.*, 65 AD3d 1345, 1346 [2009]; *Reep v Mamaroneck Union Free School Dist.*, 57 AD3d 754, 755 [2008]), and the NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.