Flores v Fraser (2018 NY Slip Op 01637)





Flores v Fraser


2018 NY Slip Op 01637


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5983

[*1]Ebony Flores, Plaintiff-Appellant, 
v
Robert Fraser, M.D., et al., Defendants-Respondents.


Krentsel & Guzman, LLP, New York (Steven E. Krentsel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered December 16, 2016, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action against defendant New York City Health and Hospital Corporation for medical malpractice allegedly committed by the individually named defendants during the course of their employment as emergency room physicians at Lincoln Medical and Mental Health Center (collectively HHC), in providing plaintiff with medical treatment on April 3, 2014.
The complaint was properly dismissed, because plaintiff cannot establish that a notice of claim was served as required by the October 7, 2014 order granting her leave to file a late notice of claim, and the one-year and 90-day statute of limitations has expired (see Young v New York City Health & Hosps. Corp., 147 AD3d 509 [1st Dept 2017]). The fact that plaintiff served the July 11, 2014 notice on HHC before the statute of limitations expired is of no moment, because she had not obtained leave of the court to serve that untimely notice (see Yessenia D. v New York City Health & Hosps. Corp., 139 AD3d 454 [1st Dept 2016]).
Although a General Municipal Law § 50-h hearing was conducted and HHC litigated the matter, this does not establish that HHC waived the statute of limitations defense (see Frank v City of New York, 240 AD2d 198 [1st Dept 1997]; compare King v City of New York, 90 AD2d 714 [1st Dept 1982]). Furthermore, there is no basis for estoppel given the clear language of the October 7, 2014 order directing plaintiff to serve a notice of claim upon HHC within 30 days of its entry and her awareness that the July 11, 2014 late notice of claim was a nullity (see Zayed v NYC Dept of Design & Construction, __AD3d__, 66 NYS3d 124 [1st Dept 2018]; Cabreaja v New York City Health & Hosps. Corp., 201 AD2d 319, 321-322 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK