Guo En Tan v City of New York (2025 NY Slip Op 04161)

Guo En Tan v City of New York

2025 NY Slip Op 04161

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-06624
 (Index No. 152476/20)

[*1]Guo En Tan, appellant, 
v
City of New York, et al., respondents.

Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Robert P. Meyerson and William J. Smith of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Martin K. Rowe III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated May 15, 2023. The judgment, upon an order of the same court dated March 8, 2022, granting the defendants' motion, inter alia, to dismiss the complaint for failure to timely serve a notice of claim, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion, inter alia, to dismiss the complaint for failure to timely serve a notice of claim is denied, the complaint is reinstated, and the order dated March 8, 2022, is modified accordingly.
In December 2020, the plaintiff commenced this action against the defendants, City of New York and New York City Department of Transportation, to recover damages for personal injuries he allegedly sustained when he slipped and fell on the Staten Island Ferry on December 4, 2019. In November 2021, the defendants moved, inter alia, to dismiss the complaint for failure to timely serve a notice of claim. In support of the motion, the defendants' attorney argued, among other things, that the plaintiff served a notice of claim on March 4, 2020, one day after the 90-day deadline to serve a notice of claim under General Municipal Law § 50-e(1)(a). In opposition, the plaintiff's attorney asserted, inter alia, that he "electronically filed" the notice of claim on March 3, 2020, and "re-filed" it in person at the Office of the Comptroller of the City of New York (hereinafter the Comptroller) on March 4, 2020.
In an order dated March 8, 2022, the Supreme Court granted the defendants' motion, inter alia, to dismiss the complaint. On May 15, 2023, a judgment was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"Generally, as a condition precedent to commencing a tort claim against a public corporation, a plaintiff must serve a notice of claim within 90 days after the claim arises" (Matter of Piedra v Arzu, 234 AD3d 770, 771; see General Municipal Law §§ 50-e[1][a]; 50-i[1][a]). "Since the time to serve a notice of claim upon a public corporation cannot be extended beyond the time limited for commencement of an action against that party, the court lacks authority to grant a motion [*2]for leave to serve a late notice of claim made more than one year and 90 days after the cause of action accrued, unless the statute of limitations has been tolled" (Ahmed v New York City Health & Hosp. Corp., 204 AD3d 870, 871 [citation omitted]).
Where the notice of claim is served by electronic means, service of the notice is deemed "complete upon successful transmission of the notice as indicated by an electronic receipt provided by [the] city" (General Municipal Law § 50-e[3][e]). Here, the plaintiff failed to demonstrate that service of the notice of claim by electronic means was completed on March 3, 2020, prior to the expiration of the 90-day deadline, as the plaintiff's attorney acknowledged that a receipt was "never generated."
Nevertheless, "a municipal corporation may be equitably estopped from asserting lack of [a timely] notice of claim when it has wrongfully or negligently engaged in conduct that misled or discouraged a party from serving a timely notice of claim or making a timely application for leave to serve a late notice of claim, and when that conduct was justifiably relied upon by that party" (Konner v New York City Tr. Auth., 143 AD3d 774, 776; see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668). "[T]he doctrine of equitable estoppel should be invoked against governmental entities sparingly and only under exceptional circumstances" (Konner v New York City Tr. Auth., 143 AD3d at 776; see Feliciano v New York City Hous. Auth., 123 AD3d 876, 877).
Here, under the circumstances of this case, the plaintiff submitted evidence demonstrating that the defendants should be equitably estopped from asserting that the notice of claim was untimely served (see Konner v New York City Tr. Auth., 143 AD3d at 776-777; Conquest Cleaning Corp. v New York City School Constr. Auth., 279 AD2d 546, 547). The plaintiff's submissions established that although the Comptroller sent the plaintiff a letter dated March 6, 2020, indicating that a notice of claim was not timely filed within 90 days from the date of occurrence, the Comptroller sent the plaintiff another letter, also dated March 6, 2020, acknowledging receipt of the notice of claim, which was assigned a claim number, and stating that "[w]e will do our best to investigate and, if possible, settle your claim." That letter also stated that "if we are unable to resolve your claim, any lawsuit against the City must be started within one year and ninety days from the date of the occurrence," without any reference to the claim being untimely (emphasis omitted). Further, the plaintiff's attorney averred that on March 21, 2021, the City sent a letter requesting certain documents from the plaintiff "to evaluate the claim for settlement purposes" and that the plaintiff's attorney emailed the requested documents the following day. The plaintiff also submitted an email dated March 25, 2021, from Millicent Nicholas-Richards, Negotiation and Settlement Supervisor for the New York City Law Department, acknowledging receipt of the requested documents, and stating that "[w]e are reviewing" and that the plaintiff's attorney would be contacted if any additional documents were needed. Thus, the plaintiff demonstrated that the defendants made representations that the plaintiff's claim was under consideration for settlement and that the plaintiff did not need to take any action other than providing documents "for settlement purposes" or to commence an action against the City within one year and 90 days if a settlement was not possible. Under these circumstances, the plaintiff, who did not move to deem the notice of claim timely served or to extend the time to serve the notice of claim within the one year and 90 day limitations period, was "lulled . . . into sleeping on [his] rights to [his] detriment" (Konner v New York City Tr. Auth., 143 AD3d at 777; cf. Attallah v Nassau Univ. Med. Ctr., 131 AD3d 609, 610). Consequently, the plaintiff established that the defendants should be equitably estopped from asserting that the notice of claim was untimely served, especially under the circumstances of this case involving a mere one-day delay of serving the notice of claim beyond the 90-day deadline (see King v City of New New York, 90 AD2d 714, 715).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion, inter alia, to dismiss the complaint for failure to timely serve a notice of claim.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court